# WASHINGTON COUNTY.

STATE *vs.* CHARLES M. BURDICK *et als.*

A statute allowed the commissioners of shell-fisheries to lease tide-flowed land, "not leasing more than one acre in one lot or parcel to any one person or firm." The commissioners gave to A. a single lease of "a certain piece of land in . . . covered with tide-water, containing about ten acres, . . . being lots numbered . . . said lots were leased separately, but are included in one lease for convenience."

*Held*, that the lease was *ultra vires* and void.

EXCEPTIONS to the Court of Common Pleas.

*Providence, January* 30, 1886. DURFEE, C. J. This case comes up from the Court of Common Pleas on exceptions for errors in ruling at the trial in said court. The case is in an indictment against the defendants for taking and carrying away oysters from the private oyster-beds of George H. Ward, in Powaget or Charlestown Pond, in the town of Charlestown. The statute, Pub. Stat. of R. I. cap. 146, § 3, provides that the commissioners of shell-fisheries may lease by public auction or otherwise, to any suitable person being an inhabitant of the State, " any piece of land in Powaget or Charlestown Pond covered by tide-water," . . . " not leasing more than one acre in one lot or parcel to any one person or firm." Under this section, the commissioners, on September 18, 1882, executed a writing purporting to be a lease to George H. Ward, the granting part of which is in the words following, to wit : " The State doth hereby lease, demise, and let unto the said George H. Ward a certain piece of land in Charlestown Pond lying and being and covered with tide-water, containing about (10) ten acres, and bounded and described as follows, to wit: being lots numbered 24, 25, 26, 27, 23, 22, 21, 20, 16, and 17, on a plat of oyster-ground in one-acre lots, Charlestown Pond, R. I., surveyed by John L. Kenyon, September 18, 1882, said plat being on file in the office of the commissioners of shell-fisheries ; said lots were leased separately, but are included in one lease for convenience." At the trial the State introduced evidence to show that oysters were taken by the defendants from lot 26,

October 1, 1883, Ward then being still lessee under the lease, if it be valid. 'Two of the exceptions reserved by the defendants were for the refusal of the court below to instruct the jury in compliance with the request of the defendants, as follows, to wit: —

*First.* " The lease in this case is inoperative and void, for the reason that by it there is an attempt made to lease more than one acre in one lot or parcel to the said George H. Ward, to wit: ten acres."

*Second.* " The following language contained in said lease, viz., ' Said lots were leased separately, but are included in one lease for convenience,' is ineffectual, and cannot operate to take this case out of the inhibition of the statute, which provided that not more than one acre in one lot or parcel shall be leased to any one person or firm, and said language is used merely for the purpose of evading the statute."

The statute is clear that no more than one acre shall be leased in any one lot or parcel to any one person or firm. It is not disputed that the meaning is that no single letting can include more than one acre in any one lot or parcel. The lease describes the premises let as " a certain piece of land," words which *primâ facie* signify a single parcel or lot, and the rest of the description is to the same effect. There is no dispute but that the ten acres lie together in a single parcel. The lease is, therefore, ineffectual, unless effect can be given to it by virtue of the phrase, " said lots were leased separately, but are included in one lease for convenience." It is not stated how the lots were " leased separately," whether orally or in writing. The statute, cap. 146, §§ 2, 12, requires expressly and by necessary implication that they shall be in writing, with certain covenants and reservations in favor of the State. Now if the letting was by written leases, as required by § 12, then those leases passed to George H. Ward his title, and were the leases which should have been put in evidence to prove it ; the paper adduced being inoperative as a lease, whatever value it might have as a memorandum of the terms on which the actual leases were given. There is no pretence, however, that such leases were given, a lease including all the lots being given to avoid the necessity of the several leases. Undoubtedly the so-called separate letting was oral, and being oral it was null and

void, because it did not meet the requirements of the statute. The exceptions to the two refusals must therefore be sustained.

*Exceptions sustained.*

*Charles C. Mumford,* Assistant Attorney-General, for plaintiff.

*Thomas H. Peabody & Charles Perrin,* for defendant.